UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Roseanne Breezley, Individually and as : Case No. 1:15-cv-238
Administratrix of the Estate of James W. :
Barton, :
 :
    Plaintiff, :
 :
vs. :
 :
Hamilton County, Ohio, et al, :
 :
    Defendants. :

**ORDER**

On November 17, 2015, this Court issued an order requiring Plaintiff to appear at a hearing before the Court and show cause why her complaint against the Hamilton County, Ohio Board of Commissioners, Sheriff Jim Neil, and nineteen individual county correctional officers, should not be dismissed for failure to serve all but the Board of Commissioners, and for failure to state a claim against the Board.  (Doc. 25)

The background to the show cause order was set forth in that order.  Briefly summarized, Plaintiff filed her original complaint on April 10, 2015 and an amended complaint on July 16, 2015 that made no substantive changes to the original.  The complaint arises from events that began when James Barton was arrested, placed in the Hamilton County Justice Center, and died while in custody two months later on April 13, 2013.  Plaintiff alleges separate claims under 42 U.S.C. §1983 against the "jail defendants," Sheriff Neil, the "nursing defendants" and two physicians (Drs. Coulter and Johansen), all of whom were employed by or affiliated with NaphCare, Inc., as well as a state law malpractice claim against the physicians and the "nursing defendants."

Summons on the amended complaint were issued by the Court Clerk on July 21, 2015. (Doc. 6) Of the nineteen addressed to the individual jail corrections officers, and those to the Sheriff and to the Board, only the Board of Commissioners was properly served and a return docketed.

All of the county defendants (the corrections officers, the Sheriff, and the Board of Commissioners) filed a motion to dismiss. (Doc. 13) The motion argues that Plaintiff failed to properly serve any of the corrections officers and the Sheriff (who is sued in both his official and individual capacities). Fed. R. Civ. Proc. 4(m) in effect at that time stated that if a defendant is not properly served within 120 days of the filing of a complaint, the action shall be dismissed without prejudice, or the Court may order service to be made by a specific date.[1] Alternatively, with regard to all of the County Defendants, the motion contends that the complaint fails to state a cognizable claim for relief against any of them. In Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009), the Supreme Court held that in order to properly plead a claim for violation of a constitutional right under Section 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." The County argued that the amended complaint failed to satisfy this standard.

Plaintiff was granted additional time to respond to the County's motion. On October 9, she responded and argued that mail service sent to the individual officers at the Justice Center was sufficient, but she also asked for another 30 days in which to obtain service. (Doc. 20) She argued that her existing pleading was sufficient, but

---

[1] That time period was shortened to 90 days by the subsequent amendments to the Federal Rules of Civil Procedure.

alternatively sought leave to file a second amended complaint. (Doc. 21)

In the November 17 show cause order, the Court concluded that Plaintiff failed to properly serve Sheriff Neil and the nineteen individual corrections officers named in the complaint, as is fully stated in that Order and which is incorporated herein. However, out of an abundance of caution, the Court withheld a ruling on the motion to dismiss and the request for additional time to effect service, pending the show cause hearing which was scheduled for December 8, 2015. That date was continued at Plaintiff's request, and the hearing was held on January 11, 2016. In the interim, on December 18, Plaintiff filed an affidavit of Joseph Healey. (Doc. 34-1) Mr. Healey states that he is an agent of the Hamilton County Sheriff's Department, authorized to accept service, and on July 22, 2015 he signed and accepted service on behalf of 17 of the 19 individually named corrections officers. Healey executed this affidavit on December 8, the original date of the show-cause hearing. On December 22, the "medical" defendants (James Coulter, Ben Curl, Brian Emmons, Leland Johansen, Adam Jordan, NaphCare, Inc., and Shannon Walker) filed their motion to dismiss for failure to state a claim and lack of timely service. (Doc. 38)

Also before the January 11 hearing, the County filed affidavits of 18 of the 19 individual officers (Doc. 39). Each of them avers that they do not know "Joseph Healey" and never authorized him or anyone else to accept service of process on their behalf. Each of them state they never received a summons in this case, and most of them did not know about the lawsuit until they were contacted by Captain Taylor of the Sheriff's Department or by county prosecutors in late December 2015. The affidavits were all signed on the last days of December or early January 2016. A few of the defendants

aver that they resigned or retired from the sheriff's department since the events giving rise to Plaintiff's complaint.  One of the defendants, Eric Wagner, states that he is being called up for active service in the Naval Reserves on January 10, 2016.  The County also filed affidavits of Joy Deardorff, Heather Dobbins and Joseph Healey (Doc. 41).  Dobbins is the administrative assistant to the Jail Commander, Major McGuffey.  She describes her conversation with Kristin Brown, an attorney who testified at the January 11 show cause hearing (discussed below).  According to Dobbins' affidavit, Ms. Brown said she was at the jail "to verify Joseph Healey's signature.  She then showed me a copy of a signature that I could not identify."  Healey was not at work that day, and Ms. Brown gave a document to Dobbins, describing it as a "verification."  Brown asked Dobbins to tell Healey that if he signed the document and had his signature notarized, "he would not have to go to court."  Healey signed it the next day, December 8, and Dobbins notarized it for him.

Joseph Healey's second affidavit states that he works part-time in the jail mailroom.  He is not authorized to accept mail for Sheriff's employees, as his job involves handling inmate mail.  On July 22, a post office employee came to the mail room and asked Healey to sign a number of certified mail receipts for employee mail.  Healey states that he "was in a hurry.  I signed an electronic signature pad one time for him.  I did not know what was in the envelopes.  I did not give the envelopes to the addressees.  I do not know if the addressees ever received the envelopes."  Healey also states that he signed the December 8, 2015 affidavit, which he did not write.  He did not know what "agent" or "accepting service" meant.  Dobbins told him that if he signed it, he would verify that he signed for certified mail on July 22, and he would not have to go to

-4-

court. Since he remembered signing for the certified mail, he signed the affidavit. (Doc. 41-3)

At the January 11 hearing, Plaintiff's counsel stated that she filed her complaint on April 10, 2015 but did not request the clerk to issue summonses. She filed an amended complaint on July 16, more than 90 days later, and the court clerk mailed the summonses and complaints on July 21. Counsel stated that the postal certified mail "green cards" accompanying those certified mail packages "disappeared" and were never found. She also stated that someone at the post office told her that the packages "had been signed for" by someone at the Justice Center, where the summonses for the nineteen individual officers had been mailed.

Attorney Kristin Brown testified at the hearing about the circumstances surrounding the December 8, 2015 Healey Affidavit. She went to the Justice Center to speak with Joseph Healey, and serve him with a subpoena for attendance at the scheduled December 8 show cause hearing. She was told that Healey had left for the day. Brown spoke to Heather Dobbins, and explained that she had a subpoena for him, as well as an affidavit that he could sign, which would avoid his court appearance. Dobbins told Brown that she should go to the "medical department" to speak with someone about the summonses and complaints that were addressed to the "medical" defendants at the Justice Center. Later that day, Dobbins called Brown and told her she had spoken to Healey, and that he would sign the affidavit to avoid a court appearance. Brown returned to the Justice Center the next day, December 8, and obtained Healey's signature on the affidavit (which was notarized by Heather Dobbins).

The Court finds that the circumstances surrounding the execution of Healey's

first December 8 affidavit to be highly questionable at best. Healey's second affidavit (Doc. 41-3) and Ms. Brown's testimony lead to the conclusion that Healey signed the affidavit without any legal understanding of the terms "agent" and "accept service," and did so simply to avoid a court appearance.

Given all of these circumstances, the Court again concludes that Plaintiff has failed to effectuate proper service of process on the nineteen individual corrections officers. Plaintiff should have been alerted to a problem with service when the initial certified mail green cards were not returned to the clerk's office for filing. She never requested any of the defendants to waive service. Even after the County defendants filed their motion to dismiss on August 12, Plaintiff took no steps to investigate the situation or attempt to secure service. And six months after filing the initial complaint, she sought more time to effect service without explaining what steps she would take if given more time. The Court therefore concludes that Plaintiff has not shown good cause for the failure to effectuate proper service on the individual defendants, or to allow even more time in which to do so. The complaint and all claims therein alleged against Charmaine McGuffey, Timothy Brown, Adam Giver, Jason Elliot, Berlin Austin, Sgt. Moore, Captain Wilburn, Ryan Singleton, Eric Wagner, Jessica Jones, Joseph Freeman, Joseph Gutierrez, Stephen Wells, Robert Spencer, Sgt. Siebert, Sgt. Hensely, Lt. Richmond, Sgt. Kerr, and Sgt. Scholz are therefore dismissed without prejudice, for lack of service pursuant to Fed. R. Civ. Proc. 4(m).

The Court reaches the same conclusion with respect to the failure to serve Sheriff Jim Neil, who is sued in both his official and his individual capacity. A return receipt was filed on the docket on August 4, 2015 (Doc. 12), but the card contains an

illegible signature, and does not indicate whether the person who signed it is an agent or the addressee.  Nor does this card establish that whoever signed it is a duly authorized agent to accept service on behalf Sheriff Neil.  Ohio Civil Rule 4.2 requires service on county officials (including the Sheriff) to be made on the officer responsible for the particular department or unit in question, or upon the county prosecutor.  Neither of these methods of service was accomplished in this case.

The Hamilton County Board of Commissioners ("Board") was properly served, and moves to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. Proc. 12(b)(6).  The Board argues that the amended complaint includes no specific allegations against the Board, and fails to allege anything that the Board did or failed to do that violated Plaintiff's constitutional rights.  The motion states that the Board does not operate or manage the Justice Center, and there are no facts pled that could support a plausible claim against the Board.  In her proposed second amended complaint, Plaintiff alleges that County officials "knew" about some jail inmates that had overdosed on heroin, yet they remained "deliberately indifferent" to the medical needs of inmates.  As the County argues in its reply (Doc. 24), deliberate indifference is a high standard of fault. "Knowledge" that heroin may have been found in the jail on some prior, unspecified occasion is not sufficient to plausibly allege that the Board had actual knowledge of previous unconstitutional conduct by County employees and thereafter failed to take some corrective action. There are no allegations plausibly supporting a claim that any of the  Board's policies or practices resulted in a violation of Plaintiff's decedent's constitutional rights.

In Ashcraft v. Iqbal, 556 U.S. 662, 676 (2009), the Supreme Court clearly held

-7-

that allegations against governmental officials of deprivation of a plaintiff's constitutional rights must be specific to that individual defendant, and must plead that the official's own actions violated the constitution. Conclusory allegations that an official "must have known" are simply not enough. That principle fully applies here: alleging that County officials were "aware" that heroin was found in the jail facility at some point in time is insufficient to state a plausible claim of municipal liability against the Board of Commissioners. The County's motion to dismiss the amended complaint with respect to the Board is granted, and Plaintiff's claims against the Board are dismissed with prejudice.

Plaintiff's motion for leave to amend her complaint with respect to the Board is also denied. The Court finds that the proposed amendment would be futile. While the proposed second amended complaint includes a list of policies regarding jail medical care that Plaintiff alleges should have been followed and were not, there are no allegations plausibly suggesting that the Board was responsible for any such policies, or that any member of the Board had any knowledge of any medically-related constitutional violations occurring at the jail.

The NaphCare Defendants

On December 22, 2015, NaphCare, Inc., Dr. James Coulter, Nurse Brian Emmons, Dr. Leland Johansen, Nurse Adam Jordan, and Nurse Shannon Walker, moved to dismiss Plaintiff's amended complaint for failure to state a claim and lack of timely service. (Doc. 38) The motion recites the attempts by Plaintiff to serve the individual defendants by serving NaphCare's statutory agent, attempts which were properly refused by that agent. It was not until December 7-8, when Attorney Brown

visited the County Justice Center (as described above regarding the Healey affidavit) that additional attempts were apparently made to serve these defendants by serving a County employee at the Justice Center.  Defendants' motion argues that such service is improper, because they are employees of NaphCare, not of Hamilton County.  Mail service at the Justice Center, or service upon a county employee, is clearly not sufficient under Rule 4 or under Ohio law.  Moreover, the NaphCare Defendants' motion contends that the amended complaint and the proposed second amended complaint fail to state a plausible claim against any of them.  The second amended complaint, for instance, alleges that Dr. Johansen prescribed psychotropic medications for Barton a few days after he was incarcerated and that Barton complained to jail staff that he was having a problem with medications.  Barton was found unresponsive on April 13, 2013, and Plaintiff alleges that "all" of the NaphCare defendants failed to assist him.  But there are no facts alleging or even plausibly suggesting that any or all of these defendants were actually present at the jail on that day.  Nor are there facts pled to show that any of these defendants had any knowledge of Barton's alleged complaints to the jail staff.

Regardless of the insufficiency of the complaints, Defendants' motion was filed on December 22, 2015.  Plaintiff has not responded or filed any opposition to the motion.  The Court has reviewed Defendants' arguments and the record, and concludes that the motion should be granted, because Plaintiff failed to serve the NaphCare defendants within 120 days of filing her complaint, or from the filing of her amended complaint on July 16, 2015.  Alternatively, the Court concludes that the amended complaint fails to state a plausible claim against any of the NaphCare defendants.  Plaintiff's motion for leave to file the second amended complaint is denied with respect

to the NaphCare defendants, because that proposed pleading does not cure the deficiencies in the amended complaint, and thus would be futile.

## CONCLUSION

For all of the foregoing reasons, the motions to dismiss filed by the County Defendants (Doc. 13) and by the NaphCare Defendants (Doc. 38) are both granted. Plaintiff's complaint and all claims against Charmaine McGuffey, Timothy Brown, Adam Giver, Jason Elliot, Berlin Austin, Sgt. Moore, Captain Wilburn, Ryan Singleton, Eric Wagner, Jessica Jones, Joseph Freeman, Joseph Gutierrez, Stephen Wells, Robert Spencer, Sgt. Siebert, Sgt. Hensely, Lt. Richmond, Sgt. Kerr, Sgt. Scholz, Sheriff Jim Neil in his official and individual capacity, NaphCare, Inc., Dr. James Coulter, Nurse Brian Emmons, Dr. Leland Johansen, Nurse Adam Jordan, and Nurse Shannon Walker, are dismissed without prejudice for failure to properly serve those defendants, pursuant to Fed. R. Civ. Proc. 4(m). Plaintiff's complaint against the Hamilton County Board of Commissioners is dismissed with prejudice. Plaintiff's motion for leave to file a second amended complaint (Doc. 21) is denied as futile. Plaintiff's alternative motion for additional time to effect service (Doc. 21) is denied as moot.

SO ORDERED.

THIS CASE IS CLOSED.

DATED: March 8, 2016                          s/Sandra S. Beckwith
                                              Sandra S. Beckwith, Senior Judge
                                              United States District Court